UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ERIC LEWIS,

        Petitioner,                              Hon. Wendell A. Miles

v.                                                Case No. 1:04-CV-398

KURT JONES,

        Respondent.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Lewis' petition for writ of habeas corpus. In accordance with 28 U.S.C. § 636(b) authorizing United States Magistrate Judges to submit proposed findings of fact and recommendations for disposition of prisoner petitions, the undersigned recommends that Lewis' petition be **dismissed**.

## BACKGROUND

On April 7, 1980, Petitioner was sentenced to a lengthy prison term. Specifically, he received the following sentences: (a) 5-15 years for armed robbery; (b) 5-15 years for kidnapping; and (c) 5-15 years for first degree criminal sexual conduct. (Dkt. #9, Exhibit A). These three sentences were to be served concurrently. Petitioner was also sentenced to serve two years for possessing a firearm during the commission of a felony. *Id.* Pursuant to Michigan law, this two-year sentence must "be served consecutively with and preceding" the sentences imposed for the subject felony. Mich. Comp. Laws § 750.227b.

On June 15, 1984, Petitioner was sentenced to serve 6 months to 5 years for possessing a weapon in prison. (Dkt. #9, Exhibit A). Under Michigan law, sentences for crimes committed while incarcerated "shall" be served consecutively "to the term or terms of imprisonment which the person is serving or has become liable to serve." Mich. Comp. Laws § 768.7a.

On January 28, 1986, Petitioner escaped from prison. (Dkt. #9, Exhibit A). Petitioner was subsequently re-captured[1] and on February 16, 1988, he was sentenced to serve 2-5 years for this crime. (Dkt. #9, Exhibit B). Pursuant to Michigan law this sentence "shall be served after the termination. . .of the sentence or sentences then being served." Mich. Comp. Laws § 750.193.

On May 16, 2003, prison officials provided Petitioner with a Certificate of Discharge/Sentence Termination which provided that Petitioner's sentences for armed robbery, kidnapping, criminal sexual conduct, and possessing a weapon in prison were terminated effective April 29, 2003. (Dkt. #9, Exhibit C).

On June 26, 2003, Petitioner filed a petition for writ of habeas corpus in the Montcalm County Circuit Court. In his petition, Lewis asserted that his sentences for armed robbery, kidnapping, criminal sexual conduct, and possessing a weapon in prison should have been terminated on December 3, 1989, when he was first eligible to be considered for parole. According to Petitioner, because he began serving the final sentence in his chain of consecutive sentences (for escaping prison) in 1989 he should have been released from prison no later than December 3, 1994. Lewis' petition was denied. *Lewis v. Jones*, No. 03-2260-AH, Order (Montcalm Cnty. Cir. Ct., July 25, 2003).

---

[1] Respondent asserts that Petitioner remained at large for 624 days. Petitioner has not taken issue with this claim. While Respondent has not supported this assertion with documentary proof, such is consistent with parole eligibility reports submitted by Petitioner which state that Petitioner remained at large for "approximately 21 months." (Dkt. #11).

Asserting the following claim, Petitioner appealed the matter to the Michigan Court of Appeals:

> I. The Michigan Department of Corrections misapplied the stature governing prison escape specifically MCL 750.193, which denied Plaintiff his constitutional right to equal protection of the law, under the Fourteenth Amendment of the United States Constitution.

The court denied Petitioner's request for relief. *Lewis v. Department of Corrections*, No. 250338, Order (Mich. Ct. App., Feb. 11, 2004). Asserting the same claim, Petitioner moved in the Michigan Supreme Court for leave to appeal. However, because Petitioner failed to pay the filing fee his motion was never considered by the Michigan Supreme Court. *Lewis v. Department of Corrections*, No. 125723, Order (Mich., July 14, 2004). On June 15, 2004, Petitioner filed the present petition for writ of habeas corpus in which he asserts the following claim:

> I. The Michigan Department of Corrections and Kurt Jones misapplied the stature governing prison escapes specifically MCL 750.193(1), which denied Petitioner his constitutional right to equal protection of the law under the Fifth and Fourteenth Amendments of the United States Constitution.

**STANDARD OF REVIEW**

Lewis' petition, filed June 15, 2004, is subject to the provisions of the Antiterrorism and Effective Death Penalty Act (AEDPA), as it amended 28 U.S.C. § 2254. The AEDPA amended the substantive standards for granting habeas relief under the following provisions:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the

>>merits in State court proceedings unless the adjudication of the claim —
>
>>(1)  resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States, or
>
>>(2)  resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

The AEDPA has "modified" the role of the federal courts in habeas proceedings to "prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." *Bell v. Cone*, 535 U.S. 685, 693 (2002).

Pursuant to § 2254(d)(1), a decision is "contrary to" clearly established federal law when "the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000); *see also, Lancaster v. Adams*, 324 F.3d 423, 429 (6th Cir. 2003).

Prior to *Williams*, the Sixth Circuit interpreted the "unreasonable application" clause of § 2254(d)(1) as precluding habeas relief unless the state court's decision was "so clearly incorrect that it would not be debatable among reasonable jurists." *Gordon v. Kelly*, 2000 WL 145144 at *4 (6th Cir., February 1, 2000); *see also*, *Blanton v. Elo*, 186 F.3d 712, 714-15 (6th Cir. 1999). The *Williams* Court rejected this standard, indicating that it improperly transformed the "unreasonable application" examination into a subjective inquiry turning on whether "at least one of the Nation's jurists has applied the relevant federal law in the same manner" as did the state court. *Williams*, 529 U.S. at 409.

In articulating the proper standard, the Court held that a writ may not issue simply because the reviewing court "concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Williams,* 529 U.S. at 411. Rather, the Court must also find the state court's application thereof to be *objectively* unreasonable. *Bell*, 535 U.S. at 694; *Williams*, 529 U.S. at 409-12. Accordingly, a state court unreasonably applies clearly established federal law if it "identifies the correct governing legal rule from [the Supreme] Court's cases but unreasonably applies it to the facts of the particular. . .case" or "if the state court either unreasonably extends a legal principle from [the Supreme Court's] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." *Lancaster*, 324 F.3d at 429 (quoting *Williams*, 529 U.S. at 407).

Furthermore, for a writ to issue, the Court must find a violation of Supreme Court authority. The Court cannot look to lower federal court decisions in determining whether the relevant state court decision was contrary to, or involved an unreasonable application of, clearly established Federal law. *See Harris v. Stovall*, 212 F.3d 940, 943-44 (6th Cir. 2000).

Pursuant to 28 U.S.C. § 2254(d)(2), when reviewing whether the decision of the state court was based on an unreasonable determination of the facts in light of the evidence presented, the factual findings of the state court are presumed to be correct. *See Warren v. Smith*, 161 F.3d 358, 360 (6th Cir. 1998) (citing 28 U.S.C. § 2254(e)(1)). Petitioner can rebut this presumption only by clear and convincing evidence. *Id.*

The deferential standard articulated by the AEDPA, however, does not apply if the state has failed altogether to review a particular claim. As the Sixth Circuit has indicated, where the state court clearly did not address the merits of a claim, "there are simply no results, let alone reasoning, to

which [the] court can defer." In such circumstances, the court conducts a *de novo* review. *See McKenzie v. Smith*, 326 F.3d 721, 727 (6th Cir. 2003); *see also Wiggins v. Smith*, 123 S. Ct. 2527, 2542 (2003) (reviewing habeas issue *de novo* where state courts had not reached the question); *Maples v. Stegall*, 340 F.3d 433, 437 (6th Cir. 2003) (recognizing that *Wiggins* established *de novo* standard of review for any claim that was not addressed by the state courts).

## ANALYSIS

The Court first notes that Petitioner has not properly exhausted the claim presented in his petition for writ of habeas corpus. An "application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless. . . the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1). While the statute articulates two exceptions to the exhaustion requirement, Petitioner has not asserted that he satisfies either exception. Moreover, there is no evidence that either exception applies in the present matter.

The exhaustion requirement is satisfied when "the highest court in the state in which the petitioner was convicted has been given a full and fair opportunity to rule on the petitioner's claims." *Smith v. State of Ohio Department of Rehabilitation and Corrections*, 463 F.3d 426, 430 (6th Cir. 2006). Because Petitioner failed to pay the required filing fee in the Michigan Supreme Court, however, that court was never given an opportunity to address Petitioner's claim. Petitioner's failure to exhaust notwithstanding, this claim may nonetheless be denied on the merits. *See* 28 U.S.C. § 2254(b)(2).

As noted above, prison officials terminated Petitioner's sentences for armed robbery, kidnapping, criminal sexual conduct, and possessing a weapon in prison effective April 29, 2003. At that point, the only sentence left in Petitioner's lengthy chain of consecutive sentences was his 2-5 year sentence for escaping prison. Petitioner nonetheless asserts that he must be immediately released from

prison because he "has been serving a sentence that no longer validly exists." Specifically, Petitioner claims that his prior sentences (for armed robbery, kidnapping, criminal sexual conduct, and possessing a weapon in prison) "should have been terminated the moment he began to serve for the prison escape, which was on or about December 3, 1989, when Petitioner first became (eligible), to be interviewed and considered for parole by the Michigan Parole Board." According to Petitioner, therefore, he should have been released from prison no later than December 3, 1994.

While incarcerating a prisoner beyond the expiration of his maximum sentence can justify habeas relief, "the actual computation of [a prisoner's] prison term involves a matter of state law that is not cognizable under 28 U.S.C. § 2254." *Kipen v. Renico*, 65 Fed. Appx. 958, 959 (6th Cir., May 14, 2003) (citing *Estelle v. McGuire*, 502 U.S. 62, 68 (1991)). To the extent, therefore, that Petitioner asserts that prison officials improperly computed his prison term, such claim is not cognizable. Instead, to obtain relief Petitioner must demonstrate that he is being incarcerated beyond the expiration of his maximum possible sentence. Petitioner has made no such showing.

Under Michigan law if a prisoner is sentenced to consecutive terms of imprisonment, "the parole board has jurisdiction over the prisoner for purposes of parole when the prisoner has served the total time of the added minimum terms, less the good time and disciplinary credits allowed by statute." Mich. Comp. Laws § 791.234(3). This provision further states that "[t]he maximum terms of the sentences shall be added to compute the new maximum term under this subsection, and discharge shall be issued only after the total of the maximum sentences has been served less good time and disciplinary credits, unless the prisoner is paroled and discharged upon satisfactory completion of the parole." *Id.*

While Petitioner may have been eligible for parole after serving the combined minimums of his various sentences, absent a grant of parole his sentences do not terminate until he has served the

combined maximums of his various sentences (minus any good time and disciplinary credits earned). Petitioner was not granted parole. Thus, his sentences for armed robbery, kidnapping, criminal sexual conduct, and possessing a weapon in prison were not subject to termination until Petitioner served a length of time equal to the combined maximums of these sentences minus any good time and disciplinary credits earned.

In April 1980, Petitioner received consecutive sentences of (a) two and (b) 5-15 years. Petitioner later received a 6 month to 5 year sentence - to be served consecutive to his other sentences - for possessing a weapon in prison. Added together, the maximum lengths of these various consecutive sentences equals 22 years. The almost two years which transpired between Petitioner's escape from prison and his subsequent recapture are not counted toward the service of his various sentences. Mich. Comp. Laws § 800.61. In sum, subject to a reduction for good time and disciplinary credits, Petitioner was not entitled to the termination of his sentences for armed robbery, kidnapping, criminal sexual conduct, and possessing a weapon in prison until late-December 2003. While the record reveals that Petitioner has forfeited a significant amount of good time and disciplinary credits, neither party has indicated the amount of good time and disciplinary credits (if any) Petitioner earned prior to the expiration of these various sentences. Thus, while Petitioner asserts that his sentences for armed robbery, kidnapping, criminal sexual conduct, and possessing a weapon in prison should have been terminated as of December 3, 1989, he has failed to demonstrate that he earned sufficient good time and disciplinary credits to reduce these sentences by 14 years.

Moreover, Petitioner has identified no authority to support his assertion that his sentences for armed robbery, kidnapping, criminal sexual conduct, and possessing a weapon in prison automatically terminated once he became eligible for parole. Petitioner's sentences for armed robbery,

kidnapping, criminal sexual conduct, and possessing a weapon in prison were terminated by prison officials on April 29, 2003, a determination entirely consistent with the evidence of record and not called into question by Petitioner's arguments or submissions. Accordingly, unless he is granted parole Petitioner will be entitled to be discharged no later than five years from April 29, 2003, minus any good time and disciplinary credits earned. Petitioner has presented no evidence that he has earned sufficient good time and disciplinary credits to qualify him for release at this time. In sum, Petitioner has failed to demonstrate that he is being incarcerated beyond the expiration of his possible maximum sentence.

## CONCLUSION

For the reasons articulated herein, the undersigned concludes that Petitioner is not being confined in violation of the laws, Constitution, or treaties of the United States. Accordingly, the undersigned recommends that Lewis' petition for writ of habeas corpus be **denied**.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,

Date: March 29, 2007         /s/ Ellen S. Carmody
                             ELLEN S. CARMODY
                             United States Magistrate Judge